**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **FAYE COTTMAN**, *et al.*, | * |
| **Plaintiffs**, | * |
| **v.** | *     **Civil No.: SAG-21-00837** |
| **BALTIMORE POLICE DEPARTMENT**, *et al.*, | * |
| | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT BALTIMORE POLICE DEPARTMENT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, Baltimore Police Department ("BPD"), by and through its undersigned counsel[1] and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby files its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (ECF No. 38), and states as follows:

1. Denied.

2. Defendant is without sufficient information to admit or deny the allegations in this first sentence of this paragraph. Defendant denies that plaintiffs "became the victims of BPD."

3. Denied.

4. Denied.

5. Defendant admits that the United States Department of Justice was invited to do an investigation. To the extent that this allegation may be read to allege any wrongdoing on the part

---

[1] Undersigned counsel also represented Mayor Brandon Scott, Baltimore Police Commissioner Michael S. Harrison, former Interim Baltimore PoliceCommissioner Gary Tuggle, and former Baltimore Police Commissioner Darrul D. DeSousa, and Deputy Police Commissioner Brian Nadeau. These Defendants and the claims against them were dismissed by this Court. ECF Nos. 54, 55. Therefore, the undersigned answers the Amended Complaint on behalf of Defendant BPD only.

of Defendant, such allegations are denied. The remainder of the allegations in this paragraph are denied.

6.      Defendant answers that the contents of the DOJ Report cited in this paragraph speak for themselves. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

7.      Defendant admits that the United States District Court for the District of Maryland has approved a Consent Decree between BPD and the United States and that an independent monitor and monitoring team have been appointed to oversee the implementation of the Consent Decree. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

8.      Denied.

9.      Denied.

## JURISDICTION AND VENUE

10.     The allegation in this paragraph is a legal statement to which no answer is required.

11.     The allegation in this paragraph is a legal statement to which no answer is required.

12.     The allegation in this paragraph is a legal statement to which no answer is required.

13.     The allegation in this paragraph is a legal statement to which no answer is required.

## THE PARTIES

14.     Defendant does not have sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendants, such allegations are denied.

15.     Defendant does not have sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

16.     Defendant does not have sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

17.     Defendant does not have sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

18.     Defendant cannot admit or deny any action or omission with respect to "unidentified" BPD officers. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

19.     Defendant denies that Defendant Harrison acted as an agent/employee of Baltimore City. The remainder of the paragraph is admitted.

20.     Defendant denies that Defendant Tuggle acted as an agent/employee of Baltimore City. The remainder of the paragraph is admitted.

21.     Defendant denies that Defendant DeSousa acted as an agent/employee of Baltimore City. The remainder of the paragraph is admitted

22.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

23.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

24.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

25.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

26.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

27.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

28.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

29.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

30.     Admitted. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

31.     Defendant does not have sufficient information to admit or deny the allegations in this paragraph.

32.     Denied.

## **CLASS ALLEGATIONS**

33.     This paragraph contains a legal statement to which no answer is required. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

34.     This paragraph contains a legal statement to which no answer is required. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

35.     This paragraph contains a legal statement to which no answer is required. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

36.     This paragraph contains a legal statement to which no answer is required. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

37.     This paragraph contains a legal statement to which no answer is required. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

**FACTS**

47.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

48.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

49.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

50.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

51.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

52.     Denied.

53.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

54.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

55.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

56.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

57.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

58.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

59.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

60.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

61.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

62.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

63.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

64.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

65.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

66.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

67.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

68.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

69.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

70.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendants, such allegations are denied.

71.     Defendants are without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendants, such allegations are denied.

72.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

73.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

74.     Defendant admits that Policy 1401 is a 34-page policy document implemented by order of the BPD Commissioner that applies to all BPD officers and employees. The remainder of the paragraph is denied.

75.     Denied.

76.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

77.     Denied.

78.     Defendant answers that the text of Policy 1401 speaks for itself. The remainder of the paragraph is denied.

79.     Defendant answers that the text of Policy 1401 speaks for itself. Defendant is without sufficient information to admit or deny the remainder of the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

80.     Defendant answers that the text of Policy 1401 speaks for itself. Defendant is without sufficient information to admit or deny the remainder of the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

81.     Defendant answers that the text of Policy 703 speaks for itself. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

82.     Defendant answers that the text of Policy 703 speaks for itself. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Defendant admits that it has an obligation to train and supervise its officers. Defendant is without sufficient information to answer the remaining allegations in this paragraph.  To the

extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of

Defendant, such allegations are denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Defendant admits that PIB was established for the purpose of investigating allegations of

misconduct. The remainder of the allegations in this paragraph are denied.

95.    Defendant is without sufficient information to answer the allegations in this paragraph.

To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the

part of Defendant, such allegations are denied.

96.    Defendant answers that the "findings of the team monitoring BPD" speak for themselves.

Defendant is without sufficient information to answer the allegations in this paragraph.  To the

extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of

Defendant, such allegations are denied.

97.    Defendant answers that the conclusions of the monitoring team speak for themselves. To

the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part

of Defendant, such allegations are denied.

98.    Denied.

99.    Denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Facial Challenge to BPD Policies 703 and 1401 under 42 U.S.C. § 1983 and the Fourth and*

*Fourteenth Amendments to the U.S. Constitution*

100.    Defendant incorporates its answers to paragraphs 1-99 as if they were fully stated herein.

101- 112. The Court dismissed the facial challenge to Policies 703 and 1401, therefore no answer is required. ECF Nos. 54, 55.

## SECOND CAUSE OF ACTION

113.    Defendants incorporate their answers to paragraphs 1-9112 as if they were fully stated herein.

114.    The allegations in this paragraph are a legal conclusion to which no answer is required.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Defendant does not have sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

119.    Defendant does not have sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

120.    Denied.

121.    Denied.

122.    Defendant does not have sufficient information to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

123.    Denied.

124.    Denied.

## THIRD CAUSE OF ACTION

125-136.        Defendant dismissed. ECF Nos. 54, 55.

## FOURTH CAUSE OF ACTION

137.    Defendant incorporates its answers to paragraphs 1-136 as if they were fully stated herein.

138.    This paragraph is a legal conclusion to which no answer is required.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

145.    Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph. To the extent that any allegation in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

## FIFTH CAUSE OF ACTION

150.    Defendant incorporates its answers to paragraphs 1-136 as if they were fully stated

herein.

151.    The allegations in this paragraph are a legal conclusion to which no answer is required.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Defendant is without sufficient information to admit or deny the allegations in this

paragraph. To the extent the allegations in this paragraph may be read to allege any wrongdoing

on the part of Defendant, such allegations are denied.

162.    Defendant is without sufficient information to admit or deny the allegations in this

paragraph. To the extent the allegations in this paragraph may be read to allege any wrongdoing

on the part of Defendant, such allegations are denied.

163.    Denied.

164.    Denied.

## SIXTH CAUSE OF ACTION

165.    Defendant incorporates its answers to paragraphs 1-164 as if they were fully stated herein.

166.    The allegations in this paragraph are a legal conclusion to which no answer is required.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent the allegations in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

177.    Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent the allegations in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

178.    Denied.

179.    Denied.

**SEVENTH CAUSE OF ACTION**

180.    Defendant incorporates its answers to paragraphs 1-179 as if they were fully stated herein.

181.     The allegations in this paragraph are a legal conclusion to which no answer is required.

182.     Denied.

183.     Defendant admits that it has implemented procedures to protect the rightful claimants of property seized from crime victims. To the extent the allegations in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

184.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent the allegations in this paragraph may be read to allege any wrongdoing on the part of Defendant, such allegations are denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

## EIGHT CAUSE OF ACTION

193.     Defendant incorporates its answers to paragraphs 1-192 as if they were fully stated herein.

194.     The allegations in this paragraph are a legal conclusion to which no answer is required.

195.     Denied.

196.     Denied.

197.     Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

## NINTH CAUSE OF ACTION

205.    Defendant incorporates its answers to paragraphs 1-204 as if they were fully stated herein.

206.    The allegations in this paragraph are a legal conclusion to which no answer is required.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

## TENTH CAUSE OF ACTION

217.    Defendant incorporates its answers to paragraphs 1-216 as if they were fully stated herein.

218-227.    The Court dismissed this cause of action. ECF Nos. 54, 55.

## ELEVENTH CAUSE OF ACTION

228.    Defendant incorporates its answers to paragraphs 1-227 as if they were fully stated herein.

229-242.    The Court dismiss this cause of action. ECF Nos. 54, 55.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant BPD generally denies any allegation of wrongdoing and asserts further that it has not violated any of Plaintiffs' constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of immunity, including but not limited to, sovereign immunity, governmental immunity, qualified immunity, Eleventh Amendment immunity, and public official immunity.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, in whole or in part, barred by the doctrine of assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, in whole or in part, barred by contributory negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations, and by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, in whole or in part, barred under the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, in whole or in part, barred under the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, in whole or in part, barred under the doctrine of *in pari delicto.*

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, in whole or in part, barred under the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, in whole or in part, barred due to Plaintiffs' failure to mitigate any alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the relief sought against Defendant BPD because Defendant BPD did not act or fail to act as alleged by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that co-Defendants were performing lawful duties as members of the Baltimore Police Department, the co-Defendants' actions were privileged and they are entitled to any claim all common law, statutory, and qualified immunities. To the extent that co-Defendants were acting outside the scope of their employment, BPD is not required to indemnify any judgment against them.

## FOURTEENTH AFFIRMATIVE DEFENSE

19

To the extent Plaintiffs suffered any injuries, losses or damages as a result of the incidents alleged in their Amended Complaint, the injuries were proximately caused by Plaintiffs own illegal conduct or by the conduct of other persons or parties for whom Defendant BPD was not and is not responsible or liable. Defendant BPD was not the proximate cause of Plaintiffs' alleged injuries, nor were the alleged injuries caused by any act or omission of Defendant BPD.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant BPD reserves the right to assert any other affirmative defenses that may arise during the course of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BPD are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## SEVENTEETH AFFIRMATIVE DEFENSE

Any prosecution, arrest, search, or detention of Plaintiffs was lawful, and any seizures were lawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant BPD did not act with malice and its actions were objectively reasonable.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, res judicata and collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant BPD cannot be held liable for punitive damages.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendant BPD respectfully requests that Plaintiffs be denied the relief requested in the Amended Complaint; that Plaintiffs' Amended Complaint be dismissed in its entirety without leave to amend and with prejudice; that judgment be entered in favor of Defendant BPD and against Plaintiffs; that Defendant BPD be awarded its costs and attorneys' fees incurred in defending this action; and that this Honorable Court grant Defendant BPD any such other relief as this Court may deem just and appropriate.

## JURY TRIAL DEMAND

Defendant Baltimore Police Department demands a jury trial.

Dated: February 14, 2022

James L. Shea
BALTIMORE CITY SOLICITOR

_____/s/_____
Elisabeth S. Walden (28684)
Chief, Police Legal Affairs

Kara K. Lynch (29351)
Chief Solicitor

Baltimore City Department of Law
Office of Legal Affairs
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
410-396-2496 (telephone)
410-396-2126 (facsimile)
Lisa.walden@baltimorepolice.org
Kara.lynch@baltimorepolice.org

*Attorneys for Defendant BPD*

## CERTIFICATE OF SERVICE

21

I HEREBY CERTIFY that on this 14th day of February 2022, a copy of the foregoing was forwarded to all counsel of record via the United States District Court electronic filing system.

_____/s/_____
Kara K. Lynch (29351)
