IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FAYE COTTMAN**, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 21-cv-00837-SAG |
| | * | |
| **BALTIMORE POLICE DEPARTMENT**, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs are a group of crime victims who have sued the Baltimore Police Department ("BPD") and some of its officers (collectively "Defendants"). Plaintiffs, on behalf of themselves and a class of similarly situated individuals, allege numerous constitutional violations related to the BPD's policies and practices of searching, seizing, retaining, and destroying the property of crime victims. Currently pending is Defendants' motion to bifurcate and stay *Monell* discovery. ECF 69. The motion has been fully briefed, ECF 70, 73, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the motion will be denied without prejudice.

I.     FACTUAL BACKGROUND

The Amended Complaint alleges that the BPD engages in a "pattern and practice of unconstitutionally searching, seizing, retaining, and destroying the personal property of victims of violent crimes in Baltimore" in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. ECF 38 ¶ 1; *id.* at Counts I-XI. Specifically, it includes individual allegations from four named Plaintiffs: Faye Cottman, Damon Gray, Amber Spencer, and Audrey Carter. *Id.* Each named Plaintiff alleges the unconstitutional seizure or retention of property by

different BPD officers on different dates. *Id.* The named Plaintiffs also purport to sue on behalf of those similarly situated whose property the BPD "unlawfully seized without a warrant or consent." *Id.* ¶ 33. For example, Plaintiff Spencer purports to represent a "Continuing Seizure Subclass" of plaintiffs "whose property BPD has not returned[.]" *Id.* ¶ 34. She also purports to represent a subclass of plaintiffs whose U.S. Currency BPD has unlawfully seized and not returned, the "Currency Seizure Subclass[.]" *Id.* ¶ 35. Plaintiff Cottman purports to represent an "Illegal Phone Search Subclass" of plaintiffs whose "cell phone contents BPD unlawfully searched." *Id.* ¶ 36. And Plaintiff Carter purports to represent a "Property Destruction Subclass" of plaintiffs whose property the BPD has unlawfully destroyed. *Id.* ¶ 37.

Plaintiffs generally allege violations of the Fourth and Fourteenth Amendments based on the BPD's search of Plaintiff Cottman's phone and the BPD's unreasonable seizures of Plaintiffs' property. *Id.* at Counts II-III. Plaintiffs further argue that the BPD has a "custom, practice, or usage of conducting unreasonable searches and seizures of crime victims' property" in violation of the Fourth and Fourteenth Amendments, and that BPD fails to train and supervise its officers with respect to searching and seizing crime victims' property. *Id.* at Counts IV-VI. Plaintiffs also allege that the BPD has a "custom, practice, or usage of failing to provide Plaintiffs adequate notice and opportunity to be heard" after their property has been seized, in violation of the Fifth and Fourteenth Amendments. *Id.* at Count VII. Finally, the Amended Complaint alleges that the BPD fails to supervise and train its officers on due process requirements. *Id.* at Counts VIII-IX.

II.     **LEGAL STANDARD**

The Motion seeks to bifurcate the trial of the named Plaintiffs' claims against the Officer Defendants from the *Monell* claim lodged against BPD, and to stay discovery relating to the *Monell*

claim until the underlying § 1983 claims have been adjudicated.  ECF 69.  The bifurcation of trials is addressed in Federal Rule of Civil Procedure 42(b):

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision whether to bifurcate claims for trial is committed to the broad discretion of the trial judge. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993).  Likewise, with respect to the requested stay, decisions about the appropriate timing and sequence of discovery lie within the discretion of the trial court.  *See* Fed. R. Civ. P. 26(d)(1) (allowing discovery rules, including those pertaining to scheduling, to be modified "by court order").

### III.    ANALYSIS

Defendants correctly note that in a significant number of cases against the BPD and related entities, this Court has bifurcated *Monell* and supervisory liability claims from the underlying § 1983 claims against individual officers.  *See, e.g.*, *Burley v. Balt. Police Dep't*, Civil No. SAG-18-0173, ECF No. 78 (D. Md. Nov. 18, 2019); *Harrod v. Mayor of Balt.*, Civ. No. SAG-18-02542, ECF No. 65 (D. Md. Oct. 10, 2019); *Burgess v. Balt. Police Dep't.*, Civ. No. RDB-15-00834, 2016 WL 1159200, at *2 (D. Md. Mar. 23, 2016) ("Given the derivative nature of BPD's potential liability, bifurcation would conserve judicial resources and encourage efficient litigation."); *Roberts v. Taylor*, Civ. No. CCB-18-1940, ECF 60 (D. Md. Jul. 18, 2019); *Peprah v. Williams*, Civ. No. GLR-18-990, 2019 WL 22425, at *10 (D. Md. Jan. 15, 2019) ("This Court has repeatedly held that bifurcation is appropriate in cases involving § 1983 claims against individual defendants and municipalities."); *Brown v. Bailey*, Civ. No. RDB-11-1901, 2012 WL 2188338, at *4 (D. Md. June 13, 2012) ("This Court has consistently held that in the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often

desirable."); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-21 (D. Md. 1991). Ultimately, however, the decision whether to bifurcate is a fact-specific inquiry, and the facts of this case are distinctly different from the more common excessive force cases described above. In cases presenting single-incident excessive force claims, there are often relatively nuanced factual disputes about an officer's conduct during an interaction with a citizen, requiring extensive discovery. Given BPD's well-documented history with excessive force claims, opening the door to broad-based *Monell* discovery before the individual incident has been litigated creates a significant risk of unnecessary litigation expense and unnecessary use of scarce judicial resources. Additionally, given the graphic nature of the evidence sometimes associated with excessive force incidents, presentation of evidence of unrelated incidents at trial creates a unique potential for prejudicing the mind of a factfinder.

This case presents the near-opposite scenario, as the potential for prejudice is greatly reduced and it is the class claims that present the more significant legal question. It is true that, in order to establish *Monell* liability on the part of the BPD, one or more named Plaintiffs first will have to establish that they suffered constitutional injury when their property was taken, withheld, or destroyed. Discovery into the alleged seizure or disposition of each Plaintiff's property is unlikely to be particularly complex. Instead, the crux of this case is whether Plaintiffs' class and *Monell* claims are viable: whether there are particular BPD policies or deficiencies in training and supervision that resulted in the widespread conduct Plaintiffs allege. As a matter of judicial economy, then, it makes little sense to force the four Plaintiffs' individual property claims to trial before exploring, to any degree, whether their class and *Monell* claims might have merit. In this Court's view, early initial discovery into the BPD's policies and its training and supervision of its officers with respect to the handling of citizens' personal effects will allow the parties to assess

the potential merits and scope of this case, and will allow this Court to make a more informed decision as to how the case should proceed to trial in an efficient manner.

Of course, Defendants remain free to challenge the scope of discovery Plaintiffs seek should it exceed the boundaries of Fed. R. Civ. P. 26(b)(1). And Defendants will be permitted to renew their motion for bifurcation of this case for trial, if appropriate, at the close of discovery.

A separate order follows.

Dated: June 9, 2022

/s/
Stephanie A. Gallagher
United States District Judge