**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

February 10, 2023

**LETTER ORDER**

    Re: <u>Cottman, *et al.* v. Baltimore Police Department, *et al*.</u>
        Civil Case No. 21-cv-00837-SAG

Dear Counsel:

    This Court has reviewed Defendants' Motion to Strike Class Allegations, ECF 82, Plaintiffs' Opposition, ECF 87, and Defendants' Reply, ECF 95. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth herein, the motion is DENIED without prejudice to Defendants' ability to re-raise these arguments in opposition to Plaintiffs' eventual motion for class certification.

    Briefly, this case involves a challenge to the Baltimore Police Department's (BPD's) handling of property belonging to victims of serious assaults. The named Plaintiffs are victims or family members of victims whose property was allegedly seized, held, and sometimes destroyed by the BPD. They have filed a lawsuit attempting to represent a class and several subclasses of persons subjected to what they contend were unconstitutional seizures.

    In their motion, Defendants raise significant questions regarding whether Plaintiffs' allegations ultimately will be amenable to class certification. The multitude of variables attendant in the seizure of a victim's property may ultimately hinder Plaintiffs' attempt to meet the criteria of Rule 23. And Defendants' contention that Plaintiffs seek to certify a "fail-safe class" will require full consideration. But this Court agrees with Plaintiffs that, while an earlier assessment of the propriety of class certification may be permissible under the law, in these circumstances that assessment is best reserved until after preliminary discovery, when the motion for class certification has been filed in accordance with the existing scheduling order. This Court has already concluded that Plaintiffs have adequately stated a claim for relief pursuant to Rule 12(b)(6), and during the briefing of that motion the adequacy of the class allegations was not raised. Discovery is now well underway, and this Court declines to address these issues in piecemeal fashion by conducting what is essentially a second Rule 12(b)(6) analysis under the guise of Rule 23. Accordingly, this Court will deny Defendants' Motion to Strike Class Allegations, ECF 82, reserving the issues to be decided in connection with the motion for class certification contemplated by the scheduling order.

Cottman, et al. v. Baltimore Police Department, et al.
Civil Case No. 21-cv-00837-SAG
February 10, 2023
Page | 2

    Despite the informal nature of this letter, it constitutes an Order of the Court and will be docketed as such.

                              Sincerely yours,

                              /s/

                            Stephanie A. Gallagher
                            United States District Judge